UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) 3:20-CV-00466-DCLC<br>)<br>) |
| vs. | )<br>) |
| MICHAEL GAMELYN MCELROY, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Auto-Owners Insurance Company ("Plaintiff") has filed a Motion for Default Judgment against Defendant Fee Hedrick Family Entertainment, Inc. ("Fee Hendrick") [Doc. 22]. For the following reasons, Plaintiff's Motion is **DENIED without prejudice**.

I.  **BACKGROUND**

On November 3, 2020, Plaintiff filed this case against Defendants Michael McElroy and Fee Hedrick, seeking a declaratory judgment that the Policy of Insurance it issued to Fee Hedrick does not provide coverage to Defendant McElroy for losses stemming from an automobile accident [Doc. 1]. Plaintiff alleges that McElroy "was not conducting business on behalf of Defendant Fee Hendrick at the time of the automobile accident, and as such, there is no coverage for him, or for [Fee Hendrick]" [Doc. 1, ¶ 26]. On December 2, 2020, McElroy filed his answer [Doc. 10]. On December 23, 2020, Plaintiff returned the executed summons in which it represented it had served Fee Hedrick by certified mail [Doc. 11]. Fee Hedrick has yet to respond to the Complaint. Plaintiff filed an Amended Complaint on March 2, 2021, correcting the name of Plaintiff to Owners Insurance Company [Doc. 16]. On April 21, 2021, Plaintiff

applied for Clerk's entry of default as to Fee Hedrick [Doc. 20]. On May 14, 2021, the Clerk entered default against Fee Hedrick [Doc. 21]. On May 21, 2021, Plaintiff filed this Motion for Default Judgment against Fee Hedrick [Doc. 22].

## II.     ANALYSIS

Fed.R.Civ.P. 55(b)(2) allows a court, in its discretion, to enter a default judgment following entry of default by the Clerk. The Sixth Circuit has directed district courts to consider the following factors in deciding whether to enter a default judgment: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). There exists a "strong preference for trials on the merits in the federal courts." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).

The Court first notes that McElroy has placed material facts at issue in his answer. For example, while Plaintiff alleges in its Complaint that McElroy was not conducting Fee Hedrick business at the time of the accident and therefore not covered under the Policy, McElroy claims "he can prove that he was conducting [Fee Hedrick] business at the time of the automobile accident . . . ." [Doc. 10, ¶ 27]. This issue is crucial to resolving Plaintiff's Complaint for declaratory judgment.

In multi-defendant cases where default is entered against a single defendant "the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, at *3 (6th Cir. 1988). The Court in *Kimberly* noted that entering a final decree

against one defendant on the merits while other defendants remained in the case could result in inconsistent verdicts. *Id.* (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). This rule is relatively narrow in that it only applies when the liability of the defendants is joint. *Id.*

While it is not clear whether this is a case of joint and several liability, McElroy claims Plaintiff is obligated to defend him under the Policy of Insurance. Plaintiff claims it is not. Granting Plaintiff's motion would be finding, by default, that Plaintiff is not under an obligation to defend because McElroy was not engaging in Fee Hedrick's business. Yet McElroy has placed that at issue in his answer. If McElroy prevails at trial on the coverage issue, then Plaintiff would have a duty to defend and offer coverage. Such a posture lends itself to inconsistent verdicts and absurd results. Following the rule in *Frow*, a court should "withhold granting a default judgment until the trial on the merits against the remaining defendants, but the defaulting defendant will lose its right to participate in the case." *Am. Nat'l Prop. & Cas. Co. v. Williamson*, 2020 WL 7021421, at *2 (S.D. Ohio Nov. 30, 2020).

Rule 55(b)(2) gives the court discretion to determine whether to grant default judgment. The better part of discretion in this case is for the Court to withhold entry of default judgment until the trial on the merits against McElroy has concluded. Plaintiff has not alleged it will be prejudiced by a delay. In any event, "delay alone is not sufficient basis for establishing prejudice." *Bethelsen v. Kane,* 907 F.2d 617, 621 (6th Cir. 1990) (citations omitted). The Court notes that this is a personal injury action so there may be considerable damages at issue. Given the Sixth Circuit's preference for resolving cases on the merits, the Court finds that the *Russell* factors favor denying without prejudice Plaintiff's motion for default judgment under Rule 55(b)(2).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment [Doc. 22] is **DENIED WITHOUT PREJUDICE**. Fee Hedrick remains in default and may not participate in the continued litigation. Plaintiff may refile its motion after the conclusion of the trial on the merits or the resolution of any summary judgment motion resolved in its favor.

SO ORDERED:

s/Clifton L. Corker
United States District Judge